**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| BIBIANA GUADALUPE ORTIZ-OCUNA *o/b/o* L.O.L-P., Petitioner, | : | |
| v. | : | Case No. 4:26-cv-1120-CDL-AGH<br>28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, Respondents. | : | |

**ORDER**

On August 4, 2026, Bibiana Guadalupe Ortiz-Perez filed an application for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1) on behalf of L.O.L-P. and an emergency motion for a bond hearing (ECF No. 2). The petition is signed only by Ms. Ortiz-Perez, who claims next friend standing due to L.O.L-P. having "no realistic ability to draft, verify, and file a federal habeas petition[.]" Pet. 4, ECF No. 1. She identifies herself as L.O.L-P.'s wife. *Id.*

For this action to move forward, the Court requires more information regarding Ms. Ortiz-Perez's next friend status. Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden*, *FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). One prerequisite to such

standing, however, is that the next friend "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

While Ms. Ortiz-Perez alleges certain unexplained but apparently adverse conditions of confinement suffered by L.O.L-P., she does not adequately explain why they would prevent L.O.L-P. from litigating this matter on his own behalf. It is not uncommon for petitioners to suffer from isolating conditions of confinement including restricted communications, but such conditions do not render petitioners unable to represent themselves. This Court, like many courts across the nation, receives petitions every day from immigration detainees in similar, if not identical, circumstances as L.O.L-P. Other than his confinement, Ms. Ortiz-Perez has not alleged mental incapacity or language barriers such that would prevent L.O.L-P. from pursuing this matter on his own behalf.

Therefore, for this matter to proceed, Ms. Ortiz-Perez must either provide additional information about why she should be allowed to proceed as next friend for L.O.L-P. or the Court must receive an application for habeas relief signed by L.O.L-P. personally. The Clerk is directed to provide the appropriate form for this purpose. Ms. Ortiz-Perez or L.O.L-P. shall have twenty-one (21) days to comply with this order. Failure to comply may result in dismissal of this action.

**SO ORDERED**, this 24th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE